**HELLE v. P. U. C.**

**LAKE SHORE ELECT. RY. CO. v. P. U. C.**

Ohio Supreme Court.

Nos. 20934 and 20953. Decided April 18, 1928.

973. PUBLIC UTILITIES COMMISSION—941. Practice and Procedure—Nunc pro tunc entires—480. Evidence —Required.

1. Not a judicial tribunal but has power to make nunc pro tunc in proceedings before it.

2. Nunc pro tunc order presupposes an order actually rendered but not entered upon the record

3. Power to enter can be exercised only to supply omissions of clerical functions.

4. Application for order, not grounded upon matters within its personal judgment, must be confined to records of courts minutes, at the time, or oral testimony of witnesses having personal knowledge of the court's or tribunal's action.

Error to P. U. C.
Order reversed.

MARSHALL, CJ.

1. While the public utilities commission of Ohio is not a judicial tribunal, it nevertheless exercises quasi-judicial functions and has continuing power over its records and authority to make them speak the truth and in any proceeding before the commission where an order has been made but the same has not been entered on the record in consequence of inadvertence or omission on the part of the commission or any ministerial officer thereof, the commission has power to direct that its order be entered nunc pro tunc upon satisfactory proof of the fact of its rendition.

2. An order or judgment nunc pro tunc presupposes an order or judgment actually rendered at the proper time but not entered upon the journal or other record of a court or other tribunal.

3. The power to enter a nunc pro tunc order is restricted to placing upon the record evidence of judicial action which has been

actually taken, and can be exercised only to supply omissions in the exercise of functions that are clerical merely.

4. An application for an order nunc pro tunc, when not grounded upon matters within the personal knowledge of the court or tribunal, can only be supported by evidence of action taken by the court or tribunal at a former period and such evidence must be confined to records or minutes of the court's action at the time, or to oral testimony of witnesses having personal knowledge of such action taken by such court or tribunal.

(Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.)